IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

FILED
AUG 1 0 2012
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| MICHAEL G. WYLES and § | |
| JUDY E. WYLES § | |
| Plaintiffs, § | |
| § | |
| v. § | |
| § | MO-12-CV-038 |
| TAYLOR, BEAN & WHITAKER § | |
| MORTGAGE CORP.; CENLAR FSB; § | |
| OCWEN LOAN SERVICING, LLC; § | |
| MACKIE WOLF ZIENTZ & MANN, § | |
| P.C.; TRUSTEE, ADRIANNA PEREZ; § | |
| TRUSTEE, ANDREA MARTINEZ; § | |
| TRUSTEE, GILBERT ARSIAGA; AND § | |
| AVT TITLE SERVICES § | |
| Defendants. § | |

## ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

Before the Court are Plaintiffs' Motion to Remand (Doc. 25), filed May 31, 2012, and Defendant Ocwen's Response to Plaintiffs' Motion (Doc. 34), filed June 21, 2012. After consideration, the Court GRANTS Plaintiffs' Motion.

### BACKGROUND

On April 2, 2012, Michael G. Wyles and Judy E. Wyles (Plaintiffs) filed suit in the 70th District Court of Ector County, Texas, against Defendants Taylor, Bean & Whitaker Mortgage Corp. (Taylor), Cenlar FSB (Cenlar), Ocwen Loan Servicing, LLC (Ocwen), Mackie Wolf Zientz & Mann, P.C. (Mackie), AVT Title Services, and several trustees. The case arose out of foreclosure on Plaintiffs' residence due to Plaintiffs' alleged indebtness. (Doc. 25 at 2). In their original complaint, Plaintiffs alleged the following grounds for relief: (1) wrongful foreclosure, (2) breach of contract, (3) negligence, (4) intentional infliction of emotional distress, (5) unreasonable debt collection

practices under the Texas Finance Code, (6) conspiracy, and (7) Deceptive Trade Practices Act violations. (Pls.' Orig. Pet., 14-18). After filing this action, on or about April 27, 2012, Plaintiffs learned that Defendant Taylor had filed for bankruptcy under Chapter 11 of the Bankruptcy Code in 2009. (Doc. 25 at 8-9; Ex. A). On May 4, 2012, Defendant Ocwen filed its Notice of Removal of Civil Action (Doc. 1) to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Ocwen alleged that removal was proper because "(1) there is a complete diversity between Plaintiffs and Defendants, excluding the improperly joined defendants, and (2) the amount in controversy exceeds $75,000.00." (Doc. 1 at 3). Ocwen further claimed that the non-diverse defendant Mackie was improperly joined, thus preserving a complete diversity of parties to this lawsuit. (Doc. 1 at 4).

In their Motion to Remand, Plaintiffs claim that the removal of this lawsuit to this Court was improper for two reasons: (A) the removal violated the automatic stay under 11 U.S.C. § 362 of the Bankruptcy Code, and, in the alternative, (B) Defendant Mackie was properly joined, destroying diversity for purposes of the federal jurisdiction.

## LEGAL STANDARD

A.     Standard for Removal and Remand

A party may remove an action to federal court only if the action is one over which the federal court has subject matter jurisdiction. 28 U.S.C. § 1441(a). The jurisdiction of federal courts is limited. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). As such, there is a presumption against the existence of federal jurisdiction, and "the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id.* The removing party must establish "that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

District courts must remand a case to state court if it appears that the district court at any time lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Any doubts as to the propriety of removal jurisdiction should be construed in favor of remand. *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Courts analyze a motion to remand "with reference to the well-pleaded allegations of the complaint, which is read leniently in favor of remand under a standard similar to Rule 12(b)(6)." *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).

B.      Automatic Stay Under 11 U.S.C. § 362

The purpose of the automatic stay under 11 U.S.C. § 362 of the Bankruptcy Code is "to protect the debtor's assets, provide temporary relief from creditors, and further equity of distribution among the creditors by forestalling a race to the courthouse." *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985). "Section 362 is rarely, however, a valid basis on which to stay actions against non-debtors." *Arnold v. Garlock, Inc.*, 278 F.3d 426, 436 (5th Cir. 2001).

The Fifth Circuit Court of Appeals has interpreted the "applicable to all entities" language of § 362 as meaning that it only stays the proceedings by all entities against the debtor. *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (1983); *see* 11 U.S.C. § 362(a)(1) ("[A] petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor . . . ."). The court of appeals held that "while the stay protects the debtor who has filed a bankruptcy petition, litigation can proceed against other co-defendants." *GATX Aircraft Corp.*, 768 F.2d at 716 (clarifying the holding of *Wedgeworth*, 706 F.2d at 544).

When determining whether a continuing proceeding, such as removal of an action to federal court, is one against the debtor, courts usually "examine the posture of the case at the initial

proceeding." *McMillan v. MBank Fort Worth, N.A.*, 4 F.3d 362, 366 (5th Cir. 1993). In *McMillan v. MBank Fort Worth, N.A.*, the plaintiffs contended that the removal of the action to a federal court violated the automatic stay provisions of § 362 because some of the plaintiffs had filed for bankruptcy relief. *Id.* The *McMillan* court held that the removal did not violate the automatic stay because the removed action was a continuing proceeding of the debtors' claims against the non-debtor defendants. *Id.* In other words, the action was not a "proceeding against the debtor" within the meaning of 11 U.S.C. § 362(a)(1).

A bankruptcy court may stay proceedings against non-bankrupt co-defendants under only one exception—where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Reliant Energy Servs., Inc. v. Enron Canada Corp.*, 349 F.3d 816, 825 (5th Cir. 2003) (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)). An identity of interest for purposes of the *A.H. Robins Co.* exception may be created by a formal tie or contractual indemnification. *Arnold*, 278 F.3d at 436. In *A.H. Robins Co.*, the "non-debtor co-defendants were indemnified associates, employees or insureds of the debtor" defendant. *Id.* (summarizing facts of the *A.H. Robins Co.* case). In that case, the district court properly stayed the proceedings against all co-defendants. *See A.H. Robins Co.*, 788 F.2d at 1016. The *Arnold* case dealt with different asbestos makers, users, and importers, who had no contractual indemnification or other formal ties and, thus, no identity of interest with the debtor. *Arnold*, 278 F.3d at 436.

Further, a district court can grant a discretionary stay "only if, based on a balancing of the parties' interests, there is a clear inequity to the suppliant who is required to defend while another

action remains unresolved and if the order granting a stay can be framed to contain reasonable limits on its duration." *GATX Aircraft Corp.*, 768 F.2d at 716.

C.   Improper Joinder

The general removal statute prohibits removal of a civil action otherwise removable solely on the basis of diversity jurisdiction if "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). A case may be removed, despite existence of a non-diverse defendant, if that defendant was improperly joined, i.e., was named for the purpose of destroying diversity. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2000); *Wingate v. Air Products Inc.*, 166 F. App'x 98, 100 (5th Cir. 2006). If a diverse defendant fails to prove that joinder was improper, then the diverse defendant may not remove, and the case must be remanded to the state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 575 (5th Cir. 2004).

This Court reiterates that a removing party bears a "heavy burden of proving that the non-diverse defendants have been fraudulently joined." *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995). The removing party may satisfy its burden in two ways, by showing either "(1) actual fraud in the [plaintiff's] pleadings of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against a non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). The burden of proof is by clear and convincing evidence. *See Grassi v. Ciba-Geigy, Ltd.*, 894 F.2d 181, 186 (5th Cir. 1990). Where a plaintiff attempts to state multiple claims against in-state defendants, if even one of the many claims "might be successful" in state court, a remand is necessary. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 208 (5th Cir. 1983).

A district court is to resolve an improper joinder claim by examining evidentiary material. *See Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 751 (5th Cir.

1996). In the course of this analysis, the court may choose to perform a Rule 12(b)(6)-type analysis, or in its discretion it may pierce the pleadings and perform a summary judgment-type inquiry. *Smallwood*, 385 F.3d at 573 (quoting *Travis*, 326 F.3d at 646-47); *LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir.1992). Piercing the pleadings is appropriate only when a plaintiff has stated a claim but has "misstated or omitted discrete facts that would determine the propriety of joinder." *Flanders v. Fortis Ins. Co.*, No. SA-05-CA-0726-RF, 2005 WL 3068779, at *2 (W.D. Tex. Nov. 14, 2005) (citing *Smallwood*, 385 F.3d at 573). The choice between these procedures is within the discretion of the court, with the favored approach being the former, 12(b)(6)-type analysis. *Id.*

In a 12(b)(6) analysis, the court must accept all well-pleaded facts as true. *Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 417 (5th Cir. 2010) (citing *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996)). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive dismissal, a plaintiff must plead specific facts that "state a claim to relief that is plausible on its face," not mere conclusory allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In determining the removal jurisdiction, the court may only consider claims in the state court original complaint "as it exists at the time of removal." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995) (upholding the district court's decision not to consider a complaint amended after a case was removed to the district court). "Post-removal filings may not be considered, however, when or to the extent that they present new causes of action or theories not raised in the controlling petition filed in state court." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700

(5th Cir. 1999). The Fifth Circuit Court of Appeals has held that "[i]n support of . . . [a] motion for remand, the plaintiff may submit affidavits and deposition transcripts along with the factual allegations contained in the verified complaint." *Burden*, 60 F.3d at 217 (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A Dec. 1981)). Therefore, a district court may look to evidence outside of the pleadings in determining an improper joinder claim. *Id.*

## DISCUSSION

1. Alleged Violation of Automatic Stay

In their Motion to Remand, Plaintiffs assert that Ocwen was precluded from removing this action from the state court due to the automatic stay provisions of 11 U.S.C. § 362 that were in place before the action was filed. (Doc. 25 at 8, ¶¶ 12-13). Plaintiffs seem to argue that the removal would have been proper if Plaintiffs had either non-suited the debtor defendant Taylor or severed their claims against Taylor from claims against the non-debtor defendants prior to Ocwen's filing a notice of removal. (*Id.* at 9, ¶ 14). Plaintiffs, however, did neither; as such, Plaintiffs contend that Ocwen violated the automatic stay when it filed the notice of removal. (*Id.* at 9-10, ¶¶ 14-15). Plaintiffs highlight the importance of Ocwen's knowledge of the existing bankruptcy stay. (*Id.*)

In its Response, Ocwen counters that the automatic stay did not apply to the non-debtor defendants, including Ocwen. (*See* Doc. 34 at 12-13, ¶¶ 28-29). Ocwen reasons that because the only party seeking affirmative relief against Taylor (the debtor defendant) is Plaintiffs, the removal of the action as to the remaining, non-debtor defendants did not violate Taylor's bankruptcy stay in the state court. (*Id.*).

The Fifth Circuit cases cited above in section B state that litigation can proceed against other co-defendants notwithstanding the existence of a bankruptcy stay against a debtor defendant, unless the *A.H. Robins Co.* exception applies. *See GATX Aircraft Corp.*, 768 F.2d at 716; *Wedgeworth*, 706

F.2d at 544; *Arnold*, 278 F.3d at 436; *McMillan*, 4 F.3d at 366. This Court does not have sufficient information to affirmatively rule on whether the special *A.H. Robins Co.* exception applies in this case.

Here, Taylor was the lender under Plaintiffs' Deed of Trust; Cenlar processed Plaintiffs' payments on the promissory note; Ocwen was the second mortgagee on the Deed of Trust, taking over Taylor; Mackie was a debt collector, acting on behalf of Ocwen. The question before the Court is whether Ocwen, Cenlar, and Mackie had such a formal tie with Taylor so as to create an identity of interest with Taylor. Plaintiffs have not presented evidence of a formal tie or contractual indemnification agreement between the non-debtor Defendants and the debtor Defendant that "would render the latter liable for any judgment obtained against the former at trial." *See Am. Honda Fin. Corp. v. Salyer*, No. 3:03-CV-651WHB, 2007 WL 1158114, at *2 (S.D. Miss. Apr. 18, 2007). The determination of the actual relationships between Defendants in this case is better left to the state court where the original proceeding was filed.[1]

2.   Improper Joinder

It is undisputed that Plaintiffs are residents of Texas, Ocwen is a citizen of Florida, Cenlar is a citizen of New Jersey, and Mackie is a citizen of Texas. Defendant Taylor is a citizen of Florida, but Plaintiffs voluntarily dismissed their claims against Taylor and also the trustees. The parties do not dispute that the amount in controversy exceeds the statutory minimum required for diversity jurisdiction. The Court's inquiry then focuses on the propriety of joining Mackie as a defendant in this case.

Defendant Ocwen claims that Mackie was improperly joined because Plaintiffs have failed to state a plausible claim against Mackie. (Doc. 34 at 3). Ocwen maintains that the bulk of Plaintiffs'

---

[1] The Court is aware of its power to grant a discretionary stay, *GATX Aircraft Corp.*, 768 F.2d at 716, but believes the state court is better suited to make the determination regarding the stay.

factual allegations in the original complaint "relate to the servicing of their mortgage loan by Ocwen, Cenlar, and Taylor Bean and do not support any independent cause of action against Mackie Wolf." (*Id.* at 4). In addition, Ocwen asserts that qualified immunity protects Mackie from liability in this action. (*Id.* at 4-5). Ocwen insists that Mackie was nothing other that Ocwen's foreclosure counsel. (*Id.* at 5). According to Ocwen, Plaintiffs "fail to allege any facts showing any conduct by Mackie Wolf beyond the basic discharge of its duty as Ocwen's foreclosure counsel." (*Id.*). Likewise, Ocwen claims that Plaintiffs failed to state a claim against Mackie under either the Texas Debt Collection Act (TDCA) or the Texas Deceptive Trade Practices Act (DTPA). (*Id.* at 7-11).

The Court will employ the 12(b)(6)-type analysis to determine whether Plaintiffs alleged sufficient facts to establish a cause of action against Mackie in the state court. To pass the 12(b)(6) standard, Plaintiffs' original complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The *Twombly-Iqbal* analysis proceeds in two steps: this Court will first identify the allegations in Plaintiffs' original complaint that are mere legal conclusions and are "not entitled to the assumption of truth." *See id.* at 679. The Court will next consider the well-pleaded, nonconclusory factual allegations to "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679-80.

Plaintiffs' original complaint sets out the following causes of action against all Defendants collectively: (a) wrongful foreclosure, (b) breach of contract, (c) negligence, (d) intentional infliction of emotional distress, (e) unreasonable debt collection practices, (f) conspiracy, and (g) violation of the DTPA. (Pls.' Orig. Pet., 14-18). Defendant Mackie is specifically mentioned under only one cause of action—negligence. The complaint alleges that Mackie "owed a duty based upon their position as attorneys when taking severe actions of posting and reposting the Property for

foreclosure" and violated its duty "by continuing to seek the collection of monies subsequent to being informed of the other Defendants' acts and/or omissions . . . and as such are the proximate cause of damages to Plaintiffs." (Pls.' Orig. Pet. at ¶ 50). This allegation, by itself, does not contain sufficient factual matter that, if accepted as true, would state a plausible claim for relief against Mackie.

Plaintiffs, however, also allege that Defendants' actions in "continually posting for foreclosure when Plaintiffs were trying to pay off the debt," among other actions, constituted unreasonable debt practices. (*Id.* at ¶ 55). Plaintiffs state that on or about August 5, 2011, they received a Notice of Acceleration of Loan Maturity (the Notice) from Mackie, which set forth a foreclosure sale date for Plaintiffs' property. (*Id.* at ¶ 41). Plaintiffs claim that the filing of this notice amounted to a "fraudulent filing of a Texas State government document as well as breach of contract and fraud." (*Id.*).

In considering an improper joinder claim, this Court may look to evidence outside of the pleadings, which is attached to Plaintiffs' Motion to Remand. *See Burden*, 60 F.3d at 217. With their Motion to Remand Plaintiffs submitted the Notice they received from Mackie on or about August 5, 2011. (Doc. 25, Ex. E). The Notice states that Ocwen employed Mackie to collect on Plaintiffs' debt to Ocwen and to enforce the Deed of Trust. (*Id.*). The Notice also contains the following acknowledgment at the bottom: "THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT THE DEBT AND ANY INFORMATION OBTAINED BY IT WILL BE USED FOR THAT PURPOSE." (*Id.*). A reference to this document clarifies the allegations contained in ¶¶ 41, 50 and 55 of Plaintiffs' original complaint that Mackie allegedly engaged in unreasonable debt collection practices and its actions were the alleged proximate cause of damages to Plaintiffs. In further support of their claim against Mackie, Plaintiffs point to a sworn affidavit from their daughter

who testifies that she called Mackie at its place of business on multiple occasions to discuss the foreclosure and debt collection matters in connection with Plaintiffs' property. (Doc. 25, Ex. D). The affiant alleges that on each of those occasions, she was directed to an answering machine message that stated, "Please be advised this law firm is a debt collector attempting to collect a debt and any information we obtain will be used for that purpose." (*Id.*). Both the Notice and the affidavit supply factual content to Plaintiffs' claims against Mackie that allows this Court "to draw the reasonable inference that the defendant is liable" for its misconduct as a debt collector. *See Iqbal*, 556 U.S. at 678.

This Court finds instructive the recent decision by our sister court that involved Ocwen and Mackie as defendants in a foreclosure case. *See Charles v. Ocwen Loan Servicing, LLC*, Civ. A. No. H-11-4115, 2012 WL 896451, at *1 (S.D. Tex. Mar. 15, 2012). In that case, as here, the court considered the plaintiffs' motion to remand based on lack of subject matter jurisdiction due to joinder of a non-diverse defendant Mackie. *Id.* at *1-2. There, as here, the plaintiffs alleged that Mackie is a debt collector within the meaning of the Texas Finance Code's Debt Collection Practices Act (DCPA). *Id.* The plaintiffs in *Charles* further alleged that "Mackie, as a debt collector, violated the Texas DCPA by improperly threatening to move forward with the foreclosure knowing it could not legally do so, and by misrepresenting the extent and amount of the debt." *Id.* at *2. The *Charles* court held the plaintiffs' allegations "could state a claim against Mackie under Texas law for violation of the DCPA." *Id.* The court granted the plaintiffs' motion to remand to the state court because of incomplete diversity in that case that deprived the district court of subject matter jurisdiction. *Id.*

Similarly here, the Court finds that Plaintiffs's allegations in their original complaint coupled with the exhibits attached to their Motion to Remand could state a claim against Mackie under Texas

law for violation of the DCPA and the TDCA. (*See* Doc. 25 at 10-14, Exs. D, E, F). If at least one of the claims asserted by Plaintiffs against Mackie in state court is plausible, a remand is necessary. *See Green*, 707 F.2d at 208. Defendant Ocwen has not met the heavy burden of establishing improper joinder. Without the establishment of improper joinder of the in-state defendant, complete diversity is absent here. *See Smallwood*, 385 F.3d at 575. Therefore, this Court lacks subject matter jurisdiction to proceed with this case in federal court.

## CONCLUSION

Based on the above-stated reasons, the Court **GRANTS** Plaintiffs' Motion to Remand. Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Remand (Doc. 25) is **HEREBY GRANTED**.

**SIGNED** on this 9 day of August, 2012.

**ROBERT JUNELL**
United States District Judge